UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
**AHMED DRAKE ET AL.**,                                       :
                                                              :
                Petitioner,   :
                                                             :   **DECISION AND ORDER**
          – against –                                  :   19-MC-2420 (AMD)
                                                              :
**BRUCE ROSE**, *CEO of Carrington Mortgage*                  :
*Services LLC*, **DAVE GORDON**, *CFO of*                     :
*Carrington Mortgage Services LLC*, **SUSAN E.**              :
**SKERRITT**, *CEO of Deutsche Bank National Trust*
*Co. Et Al*, and **ERIC SMITH**, *CFO of Deutsche*
*Bank National Trust Co. Et Al*,

                Respondents.   :
------------------------------------------------------------- X
**ANN M. DONNELLY**, United States District Judge:

      The petitioner, proceeding *pro se*, moves to confirm an arbitration award and enter judgment. His motion is denied and this case is dismissed because the Court lacks subject matter jurisdiction.

## BACKGROUND

      On December 27, 2018, the petitioner allegedly entered into a contract with the respondents that they would "settle any dispute arising out of said contract by arbitration according to SITCOMM ARBITRATION ASSOCIATION." (ECF No. 1 at 41.) The contract, called a "Show of Cause Proof of Claim Demand," states that the petitioner received an "offer" from the respondents, and that the petitioner accepts their "offer" so long as they provide various "proofs of claims." (*Id.* at 27-28.) Each "claim" disputes the United States government's authority to regulate currency, mortgages and property. (*Id.* at 28-33.) Failure to provide "proof" within 10 days would result in "breach of this binding self-executing irrevocable

contractual agreement," along with "fines, penalties, fees taxes and other assessments," and the matter would be referred to arbitration. (*Id.* at 27-28, 34-36.)

On May 1, 2019, Timothy Simpson—an arbitrator from the Sitcomm Arbitration Association—produced a "final arbitration award" that awarded the petitioner $300,000 from each of the respondents "for breach of the contractual agreement." (*Id.* at 20-21.) The "award" also directed the respondents to release claims against the petitioner, his heirs and his property, and to produce various documents. (*Id.* at 21.) On September 18, 2019, the petitioner, proceeding *pro se*, filed a motion in this Court to confirm the arbitration award under the Federal Arbitration Act (the "FAA") and enter judgment. (*Id.* at 1.)

## LEGAL STANDARD

Because the plaintiff is proceeding *pro se*, his complaint is held to less stringent standards than pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). I read the plaintiff's *pro se* complaint liberally, and interpret it to raise the strongest arguments it suggests. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). Since this is the pleadings stage of the proceeding, I must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## DISCUSSION

Federal courts "are courts of limited jurisdiction. Even where the parties are satisfied to present their disputes to the federal courts, the parties cannot confer subject matter jurisdiction where the Constitution and Congress have not." *Doe v. United States*, 833 F.3d 192, 196 (2d

2

Cir. 2016) (citation omitted). Lack of subject matter jurisdiction cannot be waived, and may be raised at any time by a party or by the court on its own. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a court lacks subject matter jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. A federal court has subject matter jurisdiction only if the action presents a federal question pursuant to 28 U.S.C. § 1331, or if there is diversity jurisdiction—claims "between parties of diverse citizenship that exceed[] the required jurisdictional amount, currently $75,000"—pursuant to 28 U.S.C. § 1332. *See Arbaugh*, 546 U.S. at 513. The party invoking federal jurisdiction "bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (quoting *Sharkey v. Quarantillo*, 541 F.3d 75, 82 (2d Cir. 2008)) (internal quotation marks omitted).

The action does not present a federal question pursuant to Section 1331. The FAA does not "independently confer subject matter jurisdiction on the federal courts." *Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012) (quoting *Durant, Nichols, Houston, Hodgson & Cortese–Costa, P.C. v. Dupont*, 565 F.3d 56, 63 (2d Cir.2009)). "[T]here must be an independent basis of jurisdiction before a district court may entertain petitions" to confirm an award under the FAA. *Id.* There is also no diversity jurisdiction because the petitioner and two of the respondents are California citizens. (*Id.* at 2, 6.) Accordingly, the Court lacks subject matter jurisdiction over this case.

## CONCLUSION

For these reasons, the petitioner's motion is denied and his case is dismissed. Although the petitioner paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                            s/Ann M. Donnelly

                                         ANN M. DONNELLY
                                         United States District Judge

Dated: Brooklyn, New York
        April 7, 2022